1  EDWARD D. HAAS (State Bar # 76647)
   RUSSELL S. ROECA (State Bar # 97297)
2  ROECA HAAS HAGER LLP
   180 Sutter Street, Suite 200
3  San Francisco, CA 94104
   Telephone: (415) 352-0980
4  Facsimile:  (415) 352-0988

5  Attorneys for Defendants
   GOLDSTEIN, GELLMAN, MELBOSTAD, GIBSON &
6  HARRIS, LLP and JEFFREY G. GIBSON

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                       **(SAN FRANCISCO DIVISION)**

11 | GERARD CHANG,                              | Case No.: C 07-02512-MEJ

12 |         Plaintiff,                          | **DEFENDANTS' MOTION TO REMAND, NOTICE OF MOTION TO REMAND, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**

13 |    vs.

14 | GOLDSTEIN, GELLMAN,
   | MELBOSTAD, GIBSON & HARRIS, LLP
15 | and JEFFREY G. GIBSON, and DOES 1-
   | 25,                                         | Date: TBA
16 |                                             | Time: TBA
   |         Defendants.                         | Judge: TBA
17

18        PLEASE TAKE NOTICE that on July __ , 2007, at 9:30 a.m. or as soon thereafter as the

19 matter may be heard in Courtroom A on the 15th floor of the above-captioned Court, located at

20 450 Golden Gate Avenue, San Francisco, California, Defendants GOLDSTEIN, GELLMAN,

21 MELBOSTAD, GIBSON & HARRIS, LLP and JEFFREY G. GIBSON ("Defendants") will

22 move for a remand of this case to the Superior Court of California, County of San Francisco, and

23 for an award of attorneys fees and costs, pursuant to 28 U.S.C. § 1447.  Such fees and costs total

24 approximately $2,550.00 through June 4, 2007.  Defendants will seek all fees and costs expended

25 through the final resolution of this matter.  This motion is based on this memorandum, the

26 Declaration of Russell S. Roeca, and attached exhibits.

27 / / /

28 / / /

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

I.     **INTRODUCTION**

Pursuant to 28 U.S.C § 1447, Defendants hereby move to remand this case to the Superior Court of California, County of San Francisco, and seek their costs, including attorneys fees, related to the removal and remand.

Plaintiff's removal is not valid because: 1) federal law vests the right of removal exclusively in defendants; 2) Plaintiff's removal is untimely; and 3) Plaintiff's complaint does not assert a federal question and lacks diversity and, therefore, this court lacks subject matter jurisdiction.

Moreover, Defendants are entitled to their costs and fees because Plaintiff has clearly acted in bad faith and created unnecessary expense in removing his case to federal court. Plaintiff apparently removed his case to derail a hearing on Defendants' motion for summary judgment.

II.     **STATEMENT OF FACTS**

On January 9, 2006, Plaintiff filed a legal malpractice action against Defendants in San Francisco Superior Court, based upon their representation of him in a dispute involving property owned by Plaintiff and his brother. (Roeca Declaration, ¶ 3, complaint attached thereto as Exhibit 1.) The Superior Court had appropriate jurisdiction because plaintiff and all defendants reside and/or work in San Francisco. (Roeca Declaration ¶ 4.) Defendants timely filed an answer. (Roeca Declaration ¶ 5.)

On June 23, 2006, Defendants propounded requests for admissions on Plaintiff, who failed to respond before the statutory deadline. (Roeca Declaration ¶ 6.) On November 6, 2006, Defendants filed a motion for an order establishing that the requests for admissions be deemed admitted. The court signed the order establishing admissions on December 8, 2006. (Roeca Declaration ¶ 6.)

On March 9, 2007, Defendants filed a motion for summary judgment. (Roeca Declaration ¶ 7.) Plaintiff's response to the motion for summary judgment was due on or before May 10,

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

Roeca Haas Hager LLP

180 Sutter Street, Suite 200, San Francisco, CA 94104

415.352.0980  Fax 415.352.0988

1    2007; however, instead of filing a response, Plaintiff filed a Notice of Removal/Petition for

2    Removal of Case from California Superior Court. (Roeca Declaration ¶ 8.)[1]

3    　　　Defendants seek remand on the grounds that Plaintiff has no right to remove, the removal

4    is untimely and no grounds exist for removal.

5    **III.    DISCUSSION**

6    　　　An improperly removed case shall be remanded to state court. (28 U.S.C. § 1447(c).)

7    　　　Here, Plaintiff's case was improperly removed and must be remanded because: only

8    defendants have the right to remove, Plaintiff's removal was untimely, and Plaintiff's complaint

9    asserts no federal question and lacks diversity.

10    　　　**A.    Remand Is Proper Because Plaintiff Has No Right to Remove**

11    　　　The right to remove a case to federal court is vested exclusively in defendants. (28 U.S.C.

12    § 1441(a); *Southland Corp. v. Estridge* (C.D.Cal. 1978) 456 F.Supp. 1296, 1300.)

13    　　　Thus, Plaintiff's removal is invalid and remand is appropriate here.

14    　　　**B.    Remand is Proper Because Plaintiff's Removal is Untimely**

15    　　　A defendant must file a notice of removal in the district court within 30 days after receipt

16    of the first pleading in the state action that sets forth a removable claim. (See 28 U.S.C. ¶ 1446.)

17    　　　Here, Plaintiff filed suit on January 9, 2006; however, he did not file a notice to remove

18    until more than one year later, well after the 30-day timeframe.  Thus, in addition to the fact that

19    plaintiff lacked the right to remove, his removal was untimely and a remand is appropriate.

20    　　　**C.    Remand is Proper Because the Complaint Asserts No Federal Question and**

21    　　　　　　**There is No Diversity**

22    　　　A defendant has the right to invoke federal removal jurisdiction if the case *could* have

23    been filed originally in federal court (i.e., on diversity or federal question grounds). (*Snow v. Ford*

24    *Motor Co.* (9th Cir. 1977) 561 F2d 787, 789.)

25

26

27    [1] On May 11, 2007, Plaintiff filed a Declination to Proceed Before a U.S. Magistrate Judge.  Since the case has yet to be reassigned, Defendants cannot confirm a date, time and judge for the hearing on this motion to remand.  Defendants were compelled to file this motion prior to receiving information on the reassignment because a motion to remand must be filed on or

28    before June 10, 2007 - within 30 days after the filing of the notice of removal. (Roeca Declaration ¶ 9.)

Memorandum of Points and Authorities　　　　　Chang v. Goldstein – Case No.: C 07-02512-MEJ
in Support of Motion to Remand　　　　3

1    Here, Plaintiff's legal malpractice complaint against Defendants could not have been filed

2  originally in federal court because it does not raise any federal question and no diversity exists –

3  Plaintiff and Defendants all work and reside in California.

4    Thus, this court lacks subject matter jurisdiction and remand is appropriate.

5    **D.    Defendants Are Entitled to Costs And Fees**

6    A federal court may order a party to pay "just costs and any actual expenses, including

7  attorneys fees, incurred as a result of the removal." (28 U.S.C. § 1447; see *Martin v. Franklin*

8  *Capital Corp.* (2005) 546 U.S. 132, 126 S. Ct. 704, 712 [a court may award attorney fees under

9  the attorney fee provision of the removal statute where the removing party lacked an objectively

10  reasonable basis for seeking removal].)  In addition, a court has the authority, pursuant to Federal

11  Rule of Civil Procedure Rule 11 and its inherent equitable power, to assess sanctions against a

12  party whose litigation conduct is found to be vexatious or in bad faith. (See FRCP 11.)

13    Here, Plaintiff lacked any basis whatsoever for seeking removal, and it appears his sole

14  motivation was to avoid defeat in state court via summary judgment.  Consequently, Defendants

15  have been forced to expend time and unnecessary costs and fees to seek a remand of this

16  improper and bad faith removal.

17    Because Plaintiff lacked any reasonable basis for seeking removal, Defendants are entitled

18  to their costs and fees, which currently total approximately $2,550. (Roeca Declaration ¶ 10.)

19  Defendants will seek all fees and costs expended through the final resolution of this matter.  The

20  court may assess any other appropriate sanctions.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

1  **IV.    CONCLUSION**

2      Defendants respectfully request that this case be remanded.  Plaintiff's removal is

3  improper because a plaintiff has no right to remove, the removal is untimely, and no grounds exist

4  for removal.  Moreover, because Plaintiff lacked any reasonable basis for seeking removal,

5  Defendants respectfully request their costs and fees related to this remand, and sanctions are

6  appropriate.

7

8  Dated: June 4, 2007                    ROECA HAAS HAGER LLP

9

10                                By: _____/s/_____

11                                    Russell S. Roeca
                                    Attorneys for Defendants
                                    Goldstein, Gellman, Melbostad, Gibson &
12                                    Harris, LLP and Jeffrey G. Gibson

13  G:\Chang\Pleadings\Motion for Remand.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988