EDWARD D. HAAS (State Bar # 76647)
RUSSELL S. ROECA (State Bar # 97297)
ROECA HAAS HAGER LLP
180 Sutter Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 352-0980
Facsimile:  (415) 352-0988

Attorneys for Defendants
GOLDSTEIN, GELLMAN, MELBOSTAD, GIBSON &
HARRIS, LLP and JEFFREY G. GIBSON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| GERARD CHANG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GOLDSTEIN, GELLMAN, MELBOSTAD, GIBSON & HARRIS, LLP and JEFFREY G. GIBSON, and DOES 1-25,<br><br>　　　　Defendants. | Case No.: C 07-02512-MJJ<br><br>**DEFENDANTS' MOTION TO REMAND, RENOTICE OF MOTION TO REMAND, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>Date: July 24, 2007<br>Time: 9:30 a.m.<br>Judge: Hon. Martin J. Jenkins |

PLEASE TAKE NOTICE that on July 24, 2007, at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 11 on the 19th floor of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants GOLDSTEIN, GELLMAN, MELBOSTAD, GIBSON & HARRIS, LLP and JEFFREY G. GIBSON ("Defendants") will move for a remand of this case to the Superior Court of California, County of San Francisco, and for an award of attorneys fees and costs. Such fees and costs total approximately $2,550.00 through June 4, 2007. Defendants will seek all fees and costs expended through the final resolution of this matter. This motion is based on this memorandum, the Declaration of Russell S. Roeca, and attached exhibits.

/ / /

/ / /

## I. INTRODUCTION

Pursuant to 28 U.S.C § 1447, Defendants hereby move to remand this case to the Superior Court of California, County of San Francisco, and seek their costs, including attorneys fees, related to the removal and remand.

Plaintiff's removal is not valid because: 1) federal law vests the right of removal exclusively in defendants; 2) Plaintiff's removal is untimely; and 3) Plaintiff's complaint does not assert a federal question and lacks diversity and, therefore, this court lacks subject matter jurisdiction.

Moreover, Defendants are entitled to their costs and fees because Plaintiff has clearly acted in bad faith and created unnecessary expense in removing his case to federal court. Plaintiff apparently removed his case to derail a hearing on Defendants' motion for summary judgment in state court.

## II. STATEMENT OF FACTS

On January 9, 2006, Plaintiff filed a legal malpractice action against Defendants in San Francisco Superior Court, based upon their representation of him in a dispute involving property owned by Plaintiff and his brother. (Roeca Declaration, ¶ 3, complaint attached thereto as Exhibit 1.) The Superior Court had appropriate jurisdiction because plaintiff and all defendants reside and/or work in San Francisco. (Roeca Declaration ¶ 4.) Defendants timely filed an answer. (Roeca Declaration ¶ 5.)

On June 23, 2006, Defendants propounded requests for admissions on Plaintiff, who failed to respond before the statutory deadline. (Roeca Declaration ¶ 6.) On November 6, 2006, Defendants filed a motion for an order establishing that the requests for admissions be deemed admitted. The court signed the order establishing admissions on December 8, 2006. (Roeca Declaration ¶ 6.)

On March 9, 2007, Defendants filed a motion for summary judgment. (Roeca Declaration ¶ 7.) Plaintiff's response to the motion for summary judgment was due on or before May 10, 2007; however, instead of filing a response, Plaintiff filed a Notice of Removal/Petition for Removal of Case from California Superior Court. (Roeca Declaration ¶ 8.)

Memorandum of Points and Authorities    Chang v. Goldstein – Case No.: C 07-02512-MEJ
in Support of Motion to Remand    2

Defendants seek remand on the grounds that Plaintiff has no right to remove, the removal is untimely and no grounds exist for removal.

## III.   DISCUSSION

An improperly removed case shall be remanded to state court. (28 U.S.C. § 1447(c).)

Here, Plaintiff's case was improperly removed and must be remanded because: only defendants have the right to remove, Plaintiff's removal was untimely, and Plaintiff's complaint asserts no federal question and lacks diversity.

### A.   Remand Is Proper Because Plaintiff Has No Right to Remove

The right to remove a case to federal court is vested exclusively in defendants. (28 U.S.C. § 1441(a); *Southland Corp. v. Estridge* (C.D.Cal. 1978) 456 F.Supp. 1296, 1300.)

Thus, Plaintiff's removal is invalid and remand is appropriate here.

### B.   Remand is Proper Because Plaintiff's Removal is Untimely

A defendant must file a notice of removal in the district court within 30 days after receipt of the first pleading in the state action that sets forth a removable claim. (See 28 U.S.C. ¶ 1446.)

Here, Plaintiff filed suit on January 9, 2006; however, he did not file a notice to remove until more than one year later, well after the 30-day timeframe. Thus, in addition to the fact that plaintiff lacked the right to remove, his removal was untimely and a remand is appropriate.

### C.   Remand is Proper Because the Complaint Asserts No Federal Question and There is No Diversity

A defendant has the right to invoke federal removal jurisdiction if the case *could* have been filed originally in federal court (i.e., on diversity or federal question grounds). (*Snow v. Ford Motor Co.* (9th Cir. 1977) 561 F2d 787, 789.)

Here, Plaintiff's legal malpractice complaint against Defendants could not have been filed originally in federal court because it does not raise any federal question and no diversity exists – Plaintiff and Defendants all work and reside in California.

Thus, this court lacks subject matter jurisdiction and remand is appropriate.

Memorandum of Points and Authorities         Chang v. Goldstein – Case No.: C 07-02512-MEJ
in Support of Motion to Remand         3

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988

**D.     Defendants Are Entitled to Costs And Fees**

A federal court may order a party to pay "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." (28 U.S.C. § 1447; see *Martin v. Franklin Capital Corp*. (2005) 546 U.S. 132, 126 S. Ct. 704, 712 [a court may award attorney fees under the attorney fee provision of the removal statute where the removing party lacked an objectively reasonable basis for seeking removal].)  In addition, a court has the authority, pursuant to Federal Rule of Civil Procedure Rule 11 and its inherent equitable power, to assess sanctions against a party whose litigation conduct is found to be vexatious or in bad faith. (See FRCP 11.)

Here, Plaintiff lacked any basis whatsoever for seeking removal, and it appears his sole motivation was to avoid defeat in state court via summary judgment.  Consequently, Defendants have been forced to expend time and unnecessary costs and fees to seek a remand of this improper and bad faith removal.

Because Plaintiff lacked any reasonable basis for seeking removal, Defendants are entitled to their costs and fees, which currently total approximately $2,550. (Roeca Declaration ¶ 9.) Defendants will seek all fees and costs expended through the final resolution of this matter.  The court may assess any other appropriate sanctions.

**IV.    CONCLUSION**

Defendants respectfully request that this case be remanded.  Plaintiff's removal is improper because a plaintiff has no right to remove, the removal is untimely, and no grounds exist for removal.  Moreover, because Plaintiff lacked any reasonable basis for seeking removal, Defendants respectfully request their costs and fees related to this remand, and sanctions are appropriate.

Dated: June 6, 2007                              ROECA HAAS HAGER LLP


By:  _____/s/_____
     Russell S. Roeca
     Attorneys for Defendants
     Goldstein, Gellman, Melbostad, Gibson &
     Harris, LLP and Jeffrey G. Gibson

G:\Chang\Pleadings\Motion for Remand.doc

Memorandum of Points and Authorities         Chang v. Goldstein – Case No.: C 07-02512-MEJ
in Support of Motion to Remand          4

Roeca Haas Hager LLP
180 Sutter Street, Suite 200, San Francisco, CA 94104
415.352.0980  Fax 415.352.0988