ENDORSED
F I L E D
San Francisco County Superior Court

JAN 9 - 2006

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

Gerard Chang
In Pro Per
586 Sanchez Street, San Francisco, CA 94114
Tel.: 415-252-8318

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CASE MANAGEMENT CONFERENCE SET

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

JUN 9   2006 9 : 00 AM

DEPARTMENT 212

| | |
|---|---|
| GERARD CHANG, | Case No. _____ CGC-05-448410 |
| Plaintiff, | **COMPLAINT: LEGAL MALPRACTICE,** |
| v. | **GROSS NEGLIGENCE, EXTRINSIC AND** |
| | **INTRINSIC FRAUD, EXCESSIVE FEES,** |
| GOLDSTEIN, GELLMAN, MELBOSTAD, | **FAILURE TO ACT TO MITIGATE DAMAGES,** |
| GIBSON & HARRIS, LLP | **INFLICTION OF EMOTIONAL PAIN AND** |
| JEFFREY G. GIBSON, | **SUFFERING, INDUCEMENT OF FRAUD** |
| and Does 1-25, | **PRESENT AND FUTURE ECONOMIC** |
| | **DAMAGES** |
| Defendants | |

## GENERAL ALLEGATIONS

1. Plaintiff, Gerard Chang, purchased 584-586-588 Sanchez Street on or about June 1999 with his brother William Chang. The investment was for 70% ownership by Plaintiff and 30% ownership by William Chang. No written agreements were drafted at the time and the transaction was made as a quite loose verbal agreement between Gerard and William Chang that they would share all benefits and liabilities based upon their pro-rata share.

2. The Grant Deed to the property shows the ownership of the property as Gerard Chang 70% undivided interest and William Chang 30% undivided interest as Tenants in Common.

3. Plaintiff lives in unit 586 Sanchez Street. William Chang has never lived in any of the units and continues to maintain separate living quarters in San Francisco.

4. Plaintiff had tenants renting from him units 584 Sanchez Street and 588 Sanchez Street.

5. On or about 12/16/02 William Chang brought on legal action against Plaintiff making numerous false allegations.

6. At that time, Plaintiff sought out the best legal defense he could obtain. Plaintiff was personally referred to Jeffrey G. Gibson, a partner at Goldstein, Gellman, Melbostad, Gibson and Harris by Elizabeth "Liz" T. Erhardt, a Senior Associate of the firm who specialized in real estate transactions. Ms. Erhardt was considered a friend of Plaintiff's at the time. Ms. Erhardt assured Plaintiff that Mr.

Gerard Chang v. Goldstein, Gellman, Melbostad, Gibson, and Harris, Jeffrey G. Gibson, et al.
Complaint: Legal Malpractice, Gross Negligence, Fraud, Excessive Fees, Failure to Mitigate Damages,
Emotional Pain and Suffering, Inducement of Fraud, Present and Future Economic Damages.
Page 1 of 7

Gibson was the very best for the defense of his case. Based upon this professional advice, Plaintiff made the decision to hire Goldstein, Gellman, Melbostad, Gibson and Harris to take on the case.

7. Plaintiff met with Mr. Gibson and Elizabeth T. Erhardt in their offices shortly after the lawsuit was filed by William Chang. After explaining and giving them every detail of the situation, Mr. Gibson accepted to take on the case and a retainer was subsequently paid by Plaintiff for the legal engagement.

8. Mr. Gibson personally handled the defense of the case and also of the drafting of a Settlement Agreement and Tenancy In Common Agreement in connection with the defense and settlement of the lawsuit brought on by Mr. William Chang.

9. Said Tenancy In Common Agreement has been called as fraudulent and invalid by Plaintiff in response to civil action CGC 05 443288 filed by William Chang on July 21, 2005.

10. Said Tenancy In Common Agreement was allegedly signed by Plaintiff and William Chang on or about 10/2/03.

11. The lawsuit brought on by William Chang against Plaintiff was in accordance with CA Superior Court, San Francisco's records on file, dismissed on or about 3/9/04 by Judge Arlene T. Borick.

12. On or about February 2005, Plaintiff brought up tenancy issues to the attention of the tenants in both 584 Sanchez Street (Michael J. Lynch and Than Tran) and 588 Sanchez Street (Mark Buhler and wife, Anne Marie Despain.)

13. Rather than address the issues with their landlord, Plaintiff Gerard Chang, tenants somehow miraculously got a hold of William Chang whom they 'discovered' was a part owner of the property. Plaintiff is at a loss to this date, as to why the tenants chose this tactic. Tenants allegedly asked William Chang to speak to Plaintiff about the tenancy issues brought up by Plaintiff.

14. Tenants had never had contact with William Chang and their leases had been entered into with Plaintiff not William Chang. Further, these tenants had been living in their respective units for several years.

15. William Chang contacted Plaintiff on or about that same month of February 2005. Plaintiff explained the tenancy issues and William Chang assured Plaintiff that he wanted to help clear the situation and was going to help out.

16. Rather than help with the tenancy issues at hand, William Chang in bad faith and in contravention of his verbal agreement of non-interference with Plaintiff, issued a statement dated 2/28/05 demanding that rents for both 584 and 588 Sanchez be henceforth, paid to him. This statement was given to the tenants of the units and a copy given to Plaintiff.

17. Plaintiff immediately notified William Chang that this was a violation of their discussion and an underhanded maneuver with clear malicious intent on his part. Plaintiff warned William Chang that by his actions he was willingly placing the tenants in harm's way and involving them in a legal battle in which the tenants should have no part.

18. Plaintiff demanded that William Chang rescind the statement or risk legal action being brought against him and the tenants as well.

Gerard Chang v. Goldstein, Gellman, Melbostad, Gibson, and Harris, Jeffrey G. Gibson, et al.
Complaint: Legal Malpractice, Gross Negligence, Fraud, Excessive Fees, Failure to Mitigate Damages, Emotional Pain and Suffering, Inducement of Fraud, Present and Future Economic Damages.
Page 2 of 7

19. William Chang refused to rescind the statement and the tenants illegally pay the March 2005 rent to William Chang. Their lease agreements provided for payment to Plaintiff only and Plaintiff never authorized that rent payments be made to William Chang or anyone else for that matter.

20. Plaintiff contacted the tenants for a meeting to discuss the situation on or about early March 2005 in an effort to stop and mitigate the damages inflicted upon him thus far. Tenants agree to a meeting with William Chang to be present.

21. At said meeting, present were: tenants Michael J. Lynch and Than Tran of 584 Sanchez; Mark Buhler and wife, Anne Marie Despain of 588 Sanchez; William Chang and Plaintiff. Said meeting took place at Plaintiff's home, 586 Sanchez Street.

22. At said meeting, Plaintiff told the tenants and William Chang in no uncertain terms, that William Chang was pulling an illegal maneuver and that the tenants were to stay out of it, seek legal advice, and continue to honor their lease agreements they had entered into with Plaintiff. Plaintiff made it unambiguously clear that he would bring legal action against them all if they were to continue to violate the terms of their lease agreements while relying on a document that Plaintiff was going to legally challenge. Plaintiff told them to stay out of an ongoing family dispute.

23. Tenancy issues were also discussed and tenants gave Plaintiff assurance that they would be addressed. Mr. Mark Buhler and wife, Anne Marie Despain took care of the issues that had been raised by Plaintiff and resumed paying the rent to Plaintiff. Mr. Buhler and wife told Plaintiff that they never recovered the March 2005 rent from William Chang despite their having requested it.

24. Tenants Michael J. Lynch and Than Tran reneged on their word to resume paying the rent to Plaintiff and to address the tenancy issues. They advised Plaintiff that William Chang and his legal counsel, Andrew Zacks of Zacks, Utrecht and Leadbetter, P.C. had directed them to do so.

25. Once tenants Michael J. Lynch and Than Tran knew Plaintiff was going to bring an unlawful detainer action against them, they engaged on a campaign designed to give them a bogus basis for a wrongful eviction cross-complaint case which is in the court's docket No. CUD 05 614414.

26. The primary law firm responsible for advising tenants Michael J. Lynch, Than Tran and William Chang with their tortious course of action is Zacks, Utrecht and Leadbetter, PC. The lawyers that have surfaced thus far in connection with this and other related legal actions are Andrew Zacks and Eric McFarland.

27. On or about the end of April 2005, Plaintiff met personally with attorney and partner at Goldstein, Gellman, Melbostad, Gibson and Harris, Jeffrey G. Gibson. At said meeting, Plaintiff asked Mr. Gibson to please explain to him how on earth his brother William Chang was getting away with the stunt he was pulling. Mr. Gibson could not and did not defend the quality of his work other than to say "…Well, you signed the TIC Agreement, didn't you?" Such chicken-shit remark was not expected by Plaintiff much less the lack of professionalism in that Mr. Gibson did not even bother to address Plaintiff's legal questions pertaining to the work that had been performed by Mr. Gibson and the firm. And, for which they got paid all of the hours for which they very happily billed. Plaintiff got a first-hand lesson of why it is the law profession suffers from such a bad stigma.

28. Plaintiff was forced to pursue legal action as he had warned. He also knew at this point, that legal action against the lawyers who had represented him was necessary in order to get legal remedy and to

Gerard Chang v. Goldstein, Gellman, Melbostad, Gibson, and Harris, Jeffrey G. Gibson, et al.
Complaint: Legal Malpractice, Gross Negligence, Fraud, Excessive Fees, Failure to Mitigate Damages, Emotional Pain and Suffering, Inducement of Fraud, Present and Future Economic Damages.
Page 3 of 7

protect his rights in his investment. Plaintiff filed an unlawful detainer action against tenants Michael
J. Lynch and Than Tran on May 31, 2005 No. CUD 05 614414.

29. Tenants Michael J. Lynch and Than Tran with the help of their attorney Andrew E. Westley managed
to persuade Judge Peter J. Busch, Dept. 210, to convert the unlawful detainer case filed by Plaintiff to a
civil case, and to allow them to file a cross-complaint. This decision by Judge Peter J. Busch was
rendered over Plaintiff's legal objections and, despite the fact that the tenants never surrendered the
unit to Plaintiff. Judge Busch's decision has allowed this bogus lawsuit to continue and to make a
mockery of the judicial system.

30. Plaintiff has sustained and continues to sustain economic damages because of the tortious actions
committed by William Chang, Michael J. Lynch and Than Tran among others. This situation was
directly aided by Judge Peter J. Busch's decision.

31. Plaintiff believes that tenants Mark Buhler and wife, Anne Marie Despain decided to vacate the
premises at 588 Sanchez Street because of the clear intent on Plaintiff's part to enforce all of his rights
under applicable laws. Plaintiff also believes that these former tenants may have willingly or
unwittingly contributed to the damages being sustained by Plaintiff. Perhaps this was done in an effort
to create pressure on Plaintiff since he was going to have to deal with yet another vacant unit; hence,
more immediate and future economic losses for Plaintiff.

32. William Chang filed a civil action No. CGC 05 443288 on July 21, 2005 to which Plaintiff has
answered and stated the fraudulent nature of the TIC Agreement. Plaintiff named Jeffrey G. Gibson,
Elizabeth "Liz" Erhardt, Goldstein, Gellman, Melbostad, Gibson and Harris and other parties as cross-
complainant-defendants.

33. William Chang, with the advice of Zacks, Utrecht and Leadbetter PC is also engaged in bad-faith legal
tactics and maneuvers. William Chang filed an unlawful detainer action CUD 05 615866 to bombard
Plaintiff with so much legal action that his rights to sue for damages can be forfeited by his missing of
a key statutory or administrative deadline. Plaintiff has sought out to hire legal help for this legal
action and not a single law firm or lawyer has been willing to take on the case. What respect can the
law profession receive from the people when they are incapable and unwilling to go after their own
who fail to live up to their own code of ethics and conduct? Never mind when they fail miserably to do
the job for which they are paid.

34. At a hearing in Judge Ronald E. Quidachay, Dept. 302 on December 19, 2005, case No. CGC CUD 05-
443288 Judge Quidachay told Plaintiff "…Get Legal Help." His Honor seemed incredibly ignorant of
how his statement was not only -hopefully unintentionally- condescending but hollow since Plaintiff
has indeed tried to get legal help and has been unable to get it. His Honor may have come short of
stating that without a lawyer, the people shall have no chance at justice in this country or perhaps only
in his court.

35. It appears as of the date of writing of this complaint, that Judge Quidachay did not abuse the discretion
of the court by granting the motion for Preliminary Injunction and Temporary Restraining Order heard
in his chambers on December 19, 2005.

36. Since the cross-complainants have not answered in hopes of gaining an upper hand in the situation, or
perhaps in the hopes of covering for their illegal actions, Plaintiff is filing this action and naming the
parties with most visibility and the top of the chain of parties known or suspected to have had a hand in
the 'collaboration' that culminated with the fraudulent and legally-disputed TIC Agreement.

Gerard Chang v. Goldstein, Gellman, Melbostad, Gibson, and Harris, Jeffrey G. Gibson, et al.
Complaint: Legal Malpractice, Gross Negligence, Fraud, Excessive Fees, Failure to Mitigate Damages,
Emotional Pain and Suffering, Inducement of Fraud, Present and Future Economic Damages.
Page 4 of 7

### FIRST CAUSE OF ACTION
### LEGAL MALPRACTICE, GROSS NEGLIGENCE, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT

37. Defendants failed to do due diligence by not hiring real estate professionals to perform requisite calculations in making the determination of the allocation of William Chang's 30% undivided interest to 584 Sanchez Street which is one-half of the building in which Plaintiff lives.

### SECOND CAUSE OF ACTION
### LEGAL MALPRACTICE, GROSS NEGLIGENCE, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT

38. Plaintiff received no consideration whatsoever for presumably allowing William Chang to take ownership of 584 Sanchez Street when his interest was only 30%. Defendants never bother to discuss this with Plaintiff even though they drafted the TIC Agreement.

### THIRD CAUSE OF ACTION
### LEGAL MALPRACTICE, GROSS NEGLIGENCE, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT

39. Defendants never performed or hired any real estate professionals to do calculations on rents being paid and that could be paid for all units in order to determine the appropriate pro-rate share of income and expenses for inclusion in the legally-disputed TIC Agreement.

### FOURTH CAUSE OF ACTION
### LEGAL MALPRACTICE, GROSS NEGLIGENCE, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT

40. Defendants failed to perform their job by being conveniently absent completely from the discussions between William Chang and Gerard Chang with respect to the Settlement Agreement and TIC Agreement. Defendants were not hired to simply have their name on the papers filed with the Court and for them to bill for simply filing motions and papers. They were hired for among other things: their legal expertise, legal advice, legal representation, legal defense, and to act in a fiduciary capacity. They were expected to uphold the highest standard of care in the handling of the case.

### FIFTH CAUSE OF ACTION
### EXTRINSIC AND INTRINSIC FRAUD, INDUCEMENT OF FRAUD

41. Defendants were parties to the inducement of fraud by failing to review, discuss and advice every detail of the TIC Agreement being signed, exactly as a lawyer is hired to do with a prenuptial agreement to ensure that the client has a thorough and unequivocal understanding of the contract and in particular, of any consideration being either given up, or being received in connection with said agreement or contract.

### SIXTH CAUSE OF ACTION
### EXCESSIVE FEES

42. Defendants charged excessive fees as they knowingly billed and charged Plaintiff for administrative charges disguised as fees for legal advice and services when that is not what was ultimately rendered.

Gerard Chang v. Goldstein, Gellman, Melbostad, Gibson, and Harris, Jeffrey G. Gibson, et al.
Complaint: Legal Malpractice, Gross Negligence, Fraud, Excessive Fees, Failure to Mitigate Damages, Emotional Pain and Suffering, Inducement of Fraud, Present and Future Economic Damages.

### SEVENTH CAUSE OF ACTION
### FAILURE TO MITIGATE DAMAGES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Defendants are directly responsible for present and future economic damages being sustained by Plaintiff in the way of loss of rental income (approximately $3,800.00 a month), legal costs, as well as intentional emotional distress. Defendant Jeffrey G. Gibson met with Plaintiff on or about late April of 2005 and chose to tell Plaintiff to essentially take a hike.

### EIGHTH CAUSE OF ACTION
### FAILURE TO MITIGATE DAMAGES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Defendants' failure to act is causing Plaintiff to accrue and continue to accrue a liability against him as William Chang is now asserting that he is solely paying for the mortgage on the property. This is a real and tangible economic loss to the Plaintiff for which the Defendants are directly responsible and accountable.

### NINTH CAUSE OF ACTION
### EXTRINSIC AND INTRINSIC FRAUD, INDUCEMENT OF FRAUD

45. Defendants are willing or unwitting parties to the inducement of fraud by allowing William Chang to not enforce his presumable right to 584 Sanchez until the statute of limitation on legal malpractice had run out so that Plaintiff would be without legal recourse. Said Agreement was allegedly signed on or about October 2, 2003.

### TENTH CAUSE OF ACTION
### EXTRINSIC AND INTRINSIC FRAUD, INDUCEMENT OF FRAUD

46. Defendants are willing or unwitting parties to the inducement of fraud by allowing William Chang to not dismiss his legal action until Plaintiff had allegedly signed the TIC Agreement without the requisite legal advice and expertise that Plaintiff hired the Defendants to do on his behalf. Said action was in accordance with CA Superior Court San Francisco's records, dismissed on or about March 9, 2004. The TIC Agreement was allegedly signed on or about October 2, 2003.

### ELEVENTH CAUSE OF ACTION
### PRESENT AND FUTURE ECONOMIC DAMAGES

47. Defendants are directly accountable and responsible for the loss of rental income at the monthly rate of $3,800.00; loss of equity to be determined at trial, downward fluctuation of rental rates (rental rates are presumably lower than they were when tenants signed their lease agreements with Plaintiff); downward fluctuations of real estate market values; and legal costs of this and all related legal actions.

### TWELFTH CAUSE OF ACTION
### TORTIOUS AND MALICIOUS INTENT TO CAUSE HARM

48. Defendants and Elizabeth T. Erhardt are responsible of tortious and malicious intent to harm Plaintiff. Plaintiff made attempts to have them rectify the situation and they have not done a darn thing to try and help Plaintiff. Defendants have stood idly by while allowing Plaintiff to be played with by lawyers

Gerard Chang v. Goldstein, Gellman, Melbostad, Gibson, and Harris, Jeffrey G. Gibson, et al.
Complaint: Legal Malpractice, Gross Negligence, Fraud, Excessive Fees, Failure to Mitigate Damages,
Emotional Pain and Suffering, Inducement of Fraud, Present and Future Economic Damages.
Page 6 of 7

interested in collecting fees from William Chang for as long as it takes and perhaps until such time as the entire equity in Plaintiff's property is depleted and he then starts running into negative equity. They are allowing the 'bleeding' to go on unfettered. Are these lawyers to be congratulated for a job well done? Disbarment seems like a more appropriate action.

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as follows:

49. A judicial declaration is therefore necessary and appropriate at this time under the circumstances in order for Plaintiff to ascertain his rights to be indemnified for the defendants' actions; William Chang's actions, and any and all other involved parties' actions once they are found to be actionable under the law.

50. For Judgment ordering the hiring of true and experienced professionals to examine the facts and circumstances and do the job the Defendants were hired for paid to do back in or about the end of 2002.

51. For Judgment ordering the hiring of true and experienced professionals to submit professional computations of allocation of tenancy-in-common shares and of pro-rata share of income and expenses as well as sharing in the equity appreciation or depreciation in real estate value.

52. For loss of income at the monthly rate of $3,800.00 for March 2005; monthly rate of $2,000.00 from April 2005; monthly rate of $3,800.00 from August 2005.

53. For loss of equity in property as determined by expert and true real estate professionals ordered by the Court to perform the valuation at the time of trial or judgment.

54. For punitive damages in the amount of $1,000,000.00 to show that lawyers are not free to perform duties for which they are licensed by the State without a reasonable expectation by the people that they are to fulfill their obligations promised to clients they agree to represent in legal actions. Lawyers should not behave nor be allowed by the Courts to behave as only crooks and felons do. The clear tortious and malicious intent on the Defendants' part and any other parties involved, is deserving of this or an even higher amount.

55. For cost of this and all other related lawsuits; and for such other and further relief as the Court knows to exist and deems just and proper.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 9, 2006                           _____
                                                 Gerard Chang, Plaintiff

Gerard Chang v. Goldstein, Gellman, Melbostad, Gibson, and Harris, Jeffrey G. Gibson, et al.
Complaint: Legal Malpractice, Gross Negligence, Fraud, Excessive Fees, Failure to Mitigate Damages, Emotional Pain and Suffering, Inducement of Fraud, Present and Future Economic Damages.
Page 7 of 7