IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD CHANG, | No. C07-02512 MJJ |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND** |
| v. | |
| GOLDSTEIN GELLMAN MELBOSTAD GIBSON AND HARRIS LLP, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendants Jefferey Gibson and Goldestein, Gellman, Melbostad, Gibson & Harris, LLP's ("Defendants") Motion to Remand.[1] Pro Se Plaintiff Gerard Chang ("Plaintiff") opposes the motion.

For the following reasons, the Court **GRANTS** Defendants' motion to remand and **DENIES** Defendants' request for costs and fees.

## FACTUAL BACKGROUND

On January 9, 2006, Plaintiff filed a civil action against Defendants in San Francisco Superior Court, alleging legal malpractice and several other causes of action. On March 9, 2007, Defendants filed a motion for summary judgment. On May 10, 2007, this Court received Plaintiff's Notice of Removal/ Petition for Removal of Case.

---

[1] Docket No. 9.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction over cases removed from state court when the case is "removed by *the defendant or the defendants*." 28 U.S.C. § 1441(a) (emphasis added). Only those cases over which "the district courts of the United States have original jurisdiction" have jurisdiction are susceptible to removal. *Id.* The notice of removal must "be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C.A. § 1446(b). (emphasis added). The removal statute is "strictly construed against removal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir.1988).

An order to remand a case may include requirement of payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Ninth Circuit case law permits an award of fees when a removal, "while 'fairly supportable,' was wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). The award of fees is not punitive but rather reimburses a party that had to advance "wholly unnecessary litigation costs." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). However, Section 1447 gives this Court "wide discretion" in its decision to award costs and fees. *Id.*

**ANALYSIS**

**A.     Motion to Remand**

Plaintiff does not state any grounds on which removal would be proper, and three independent reasons make removal inappropriate here. First, the removal jurisdiction statute grants defendants the option of removing a state court claim, but provides no such opportunity for plaintiffs.[2] 28 U.S.C. § 1441(a). Since no defendant removed the case, the removal was unauthorized. Second, Plaintiff attempted to remove the case over a year after serving his complaint

---

[2] Plaintiff's objection to what he perceives to be asymmetrical treatment between plaintiffs and defendants regarding the right to remove is misplaced; under Section 1441, a defendant can only remove a case that plaintiff could initially have brought in federal court.

2

on defendant. This time exceeds the thirty-day limit specified in Section 1446. Third, Plaintiff's legal malpractice complaint does not provide a basis for subject matter jurisdiction. Since both Plaintiff and Defendant live and work in California, no diversity of citizenship exists, and because Plaintiff did not allege a cause of action under a federal statute, no there is no federal question.

For all of these reasons, the Court lacks jurisdiction and cannot retain the case. The Court **GRANTS** the motion to remand.

### B.   Costs

The Court next turns to the equities of requiring Plaintiff to pay fees and costs. Plaintiff does not offer any plausible basis for this Court's jurisdiction, and his attempt at removal fails on multiple grounds. Plaintiff's justifications for remand are not even "fairly supportable." As a result, Defendant has incurred costs of $2,580 in proceeding in wholly unnecessary litigation.[3] All of these factors support an award of costs and fees.

On the other hand, Plaintiff lacks legal training and appears to have acted in good faith. Plaintiff is proceeding pro se in this action against his former attorneys. He claims to have attempted, without success, to obtain legal representation. (Reply to Def.'s Motion to Remand, p. 2.) He even offers to attend law school to end what he perceives as an unfair skew towards members of the bar. (*Id.* at 10-11.) Plaintiff removed the lawsuit from Superior Court because he believes that he cannot obtain an impartial adjudication of his case there. Earlier removal statutes granted the right to remove due to a party's inability to obtain justice because of prejudice or local influence. *See* Historical and Statutory Notes to 28 U.S.C.A. § 1441. Such language referred to parties of diverse citizenship and it is absent from the modern statute. Still, Plaintiff's desire to use removal to escape what he perceives as a biased forum has some basis in history.

Plaintiff's removal was clearly without a colorable basis. However, Plaintiff was unable to retain counsel and lacks legal training, and the removal, was apparently in good faith. Therefore, the Court exercises its discretion to deny Defendant's request for fees. The Court cautions Plaintiff to comply with all rules of court and to conduct appropriate research in initiating and responding to

---

[3] Defendant's declaration accounts for 12.40 hours at a rate of $150/hour by a law clerk and 3.6 hours of attorney time at $200/hour. This totals $2,580, not the $2,550 sum that Defendant reaches.

3

motions.

## CONCLUSION

For the foregoing reasons, the Court **REMANDS** Plaintiff's case to San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: July 22, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE